**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220061-U

Order filed August 16, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0061 Circuit No. 21-CM-472 |
| | ) | |
| KYLE R. WOODRUFF, | ) ) | Honorable William S. Dickenson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices McDade and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The State proved defendant guilty beyond a reasonable doubt of violating a stalking no contact order.

¶ 2     Defendant, Kyle R. Woodruff, appeals his conviction for unlawful violation of a stalking no contact order, arguing that the State failed to prove him guilty beyond a reasonable doubt. We affirm.

¶ 3                                             I. BACKGROUND

¶ 4        Defendant was charged by information with unlawful violation of a stalking no contact order (720 ILCS 5/12-3.9 (West 2020)) for an offense that occurred on August 7, 2021. The case proceeded to a jury trial on January 31, 2022. Calvin Zirkle testified that he was a deputy with the Kankakee County Sheriff's Office. On June 20, 2021, Zirkle served defendant with a copy of a stalking no contact order. Zirkle explained the order to defendant, telling him that the order was issued to Celeste Boucher on May 24, 2021, and would be in effect until November 24, 2021. Zirkle told defendant Boucher's address and stated that defendant was required to stay at least 300 feet away from Boucher and her residence. He then gave defendant a copy of the order, which was entered into evidence.

¶ 5        Kenneth Gresham testified that he was a police officer with the Village of Bradley Police Department. On the afternoon of August 7, 2021, he was on patrol in the vicinity of Boucher's residence. Gresham was familiar with defendant and knew he was not supposed to be within 300 feet of Boucher's residence. Gresham saw defendant's vehicle parked in the alleyway two houses down from Boucher's residence. Gresham ran defendant's information through his computer system to confirm that the stalking no contact order was still in effect, which it was. Gresham saw defendant standing by a shed, approached him, and told him that he had a stalking no contact order and could not be within 300 feet of Boucher's residence. Defendant stated that he rented the shed from the owner of the house, Pamela Anderson. Defendant further provided that he was aware of the order, but thought he was outside of the 300 feet. Gresham subsequently went on Google Earth and determined that the distance from Anderson's property line to Boucher's property line was approximately 100 feet. Katherine Novak, a detective with the Village of Bradley Police

Department, used a roll-a-tape measuring system to measure the distance from the shed to Boucher's house. The distance measured 106 feet, 8 inches.

¶ 6 During Anderson's testimony, she confirmed that her house was two houses down from Boucher's residence. She knew defendant and permitted him to use her shed to store his tools that he used for his job in construction. At the close of the State's evidence, defendant moved for a directed verdict, arguing in part that the State failed to prove that defendant *knowingly* violated the order. The court denied the motion. Defendant did not put on any evidence.

¶ 7 After deliberations, the jury found defendant guilty. Defendant's motion for a new trial was denied. The court sentenced defendant to 300 days in jail, with credit for time served.

¶ 8                                   II. ANALYSIS

¶ 9 On appeal, defendant argues that the State failed to prove that he knowingly violated the stalking no contact order. "When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). Rather, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We give great deference to the trier of fact (see, *e.g.*, *People v. Saxon*, 374 Ill. App. 3d 409, 416-17 (2007)) and must allow all reasonable inferences from the record in favor of the prosecution (*People v. Cunningham*, 212 Ill. 2d 274, 280 (2004)). "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *Collins*, 106 Ill. 2d at 261.

¶ 10 For defendant to be convicted of unlawfully violating a stalking no contact order, the State had to prove (1) defendant knowingly committed an act which was prohibited by the court in the

3

stalking no contact order, and (2) the violation occurred after defendant had been served notice of the contents of the order. 720 ILCS 5/12-3.9(a) (West 2020). Defendant does not dispute that the State proved the second element. Instead, defendant solely argues that the State did not prove that he *knowingly* violated the order, noting that the evidence provided that defendant told Gresham that he thought he was more than 300 feet from Boucher's residence.

¶ 11 Section 4-5 of the Criminal Code of 2012 provides,

"A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his or her conduct, described by the statute defining the offense, when he or she is consciously aware that his or her conduct is of that nature or that those circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that the fact exists.

(b) The result of his or her conduct, described by the statute defining the offense, when he or she is consciously aware that that result is practically certain to be caused by his conduct." 720 ILCS 5/4-5 (West 2020).

Knowledge is ordinarily proven through circumstantial evidence (*People v. Melton*, 282 Ill. App. 3d 408, 417-18 (1996)) and is a question of fact for the jury to decide (*People v. Monteleone*, 2018 IL App (2d) 170150, ¶ 26). "[A] defendant's knowledge can be inferred from the surrounding facts and circumstances." *Id.* Moreover, "knowledge may be established with reference to what a reasonable person would know under the circumstances." *People v. Purta*, 2023 IL App (2d) 220169, ¶ 21.

¶ 12 Here, we cannot say the evidence was so improbable or unsatisfactory that it created a reasonable doubt of defendant's guilt. The evidence established that defendant was required to stay 300 feet from Boucher's residence. Even so, he rented a shed two houses down from Boucher's

4

residence. The shed was only approximately 107 feet away from Boucher's house. Considering that the shed was well within the 300 feet, a reasonable person would know that he or she was violating the stalking no contact order. See *id.* Adding to this that defendant had specialized knowledge in the construction business, the jury could have inferred that he knew he was within 300 feet of Boucher's house. Moreover, the jury could have determined that defendant was being untruthful when he told Gresham he thought he was outside of the 300 feet. Taking the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

¶ 13                                    III. CONCLUSION

¶ 14            The judgment of the circuit court of Kankakee County is affirmed.

¶ 15            Affirmed.